UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                              Case No. 14-cr-20030
                                                           Honorable Gershwin A. Drain
v.

JAMES BLAKLEY, *et al.*,

                    Defendants.

_____/

## ORDER GRANTING DEFENDANT BLAKLEY'S MOTION TO SUPPRESS EVIDENCE [#47] AND DISMISSING FIRST SUPERSEDING INDICTMENT [#24]

## I.      INTRODUCTION

On April 1, 2014, Defendant James Blakley was charged in a two-count First Superseding Indictment with conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a) and 846. Alexis Warren is charged as Defendant's co-conspirator. Warren filed a Motion to Suppress Evidence on June 10, 2014. After full briefing and oral argument, the Court issued an Opinion and Order suppressing the evidence seized during the search giving rise to the charges in the First Superseding Indictment.[1]

Presently before the Court is Defendant's Motion to Suppress Evidence, filed on September 8, 2014. This matter is fully briefed and the Court finds that oral argument is unnecessary, therefore the Court will resolve this matter on the briefs submitted. *See* E.D. Mich. L.Cr. R. 12.1(a); E.D. Mich. L.R. 7.1(f)(2).

_____

[1] On September 12, 2014, the Government filed a Notice of Appeal from this Court's August 13, 2014 Opinion and Order Granting Warren's Motion to Suppress Evidence.

-1-

At the time Warren filed her Motion to Suppress Evidence, Defendant was without counsel. His newly appointed counsel argues that he would have joined in Warren's Motion to Suppress Evidence had he been involved in the case at the time of its filing. As such, Defendant requests that this Court grant him the same relief as that granted to his co-conspirator because his Fourth Amendment rights were similarly violated by the unlawful search giving rise to the underlying charges in this action.

## II.    FACTUAL BACKGROUND

The facts giving rise to the charges in the instant matter are set forth in this Court's August 13, 2014 Opinion and Order Granting Warren's Motion to Suppress Evidence, therefore the Court will rely on the facts recited in its August 13, 2014 Opinion and Order. *See* Dkt. No. 44 at 2-4.

## III.   LAW & ANALYSIS

Defendant moves for the same relief as that granted to Warren because his situation is "precisely the same as his co-defendant." In response, the Government requests an evidentiary hearing "to provide the Court with a more complete record pertaining to the circumstances associated with the stop and search of the vehicle." *See* Dkt. No. 55 at 3. Specifically, the Government intends to elicit "additional information about [Trooper Ziecina]'s actions, observations, and impressions during the time period after he returned to his patrol car and before he asked Warren to exit the minivan. The government also will elicit testimony about [his] training and experience." *Id.* at 10.

The Court cannot ignore the fact that the very testimony the Government seeks to elicit is testimony concerning the point when Ziecina's questioning went beyond the original purpose of the stop-issuance of a ticket for improper lane use–and therefore required reasonable suspicion that

criminal activity was afoot to remain faithful to the Fourth Amendment.  Specifically, the Court has

concluded that:

> [T]he facts here do not demonstrate Ziecina had reasonable suspicion that criminal
> activity was afoot. Ziecina has never testified that he was suspicious of criminal
> activity based on the information he had before him at the time he returned to the
> minivan. When Ziecina returned to the minivan, nearly nine minutes had gone by.
> He therefore had sufficient time to run a check of Warren's and Blakley's licenses
> and to ascertain whether the minivan had been reported stolen.  He had sufficient
> information to issue the traffic citation, and his decision to prolong the detention by
> separating the car's occupants for questioning without reasonable suspicion of
> criminal activity was unreasonable under the circumstances. Ziecina clearly had a
> "hunch" that narcotics trafficking was involved, but he did not have articulable facts
> at that time to warrant an extension of the scope and duration of the stop. Ziecina
> cannot rely on Blakley's statements made between sixteen and twenty-two minutes
> during the stop because the stop had already been unjustifiably prolonged at that
> point. The facts purportedly relied on by Ziecina establishing reasonable suspicion
> were discovered after the purpose of the original stop had been completed and the
> stop had been prolonged without reasonable suspicion. Contrary to the Government's
> argument, the record before this Court does not demonstrate Ziecina had reasonable
> suspicion of criminal activity, rather Ziecina was on a "fishing expedition" based on
> his inchoate suspicions.

*See* Dkt. No. 44 at 8-9, 12-13.

The Government has had three opportunities to elicit the testimony it seeks to introduce at

an evidentiary hearing--at Defendant's and Warren's detention hearings, as well as at the hearing

on Warren's Motion to Suppress Evidence.  At the August 7, 2014 hearing on Warren's Motion to

Suppress Evidence, the Court was willing to permit Ziecina to testify, however the Government

indicated that his testimony was unnecessary because the "record [wa]s complete."  Specifically,

counsel for the Government stated:

> Your Honor, as I just got through telling the Court's case manager, I don't
> think [testimony is] necessary.  I think the record is complete.
> Moreover, there has been, already been two detention hearings where all of
> the issues that are addressed in the motion have been fleshed out, and we've also
> provided the Court with copies of videotapes as we indicated when the motion was

first set.  So, I don't think there is a necessity for any testimony.

*See* Dkt. No.  45 at 2-3.  Thereafter, Warren agreed to rely on the transcripts from the detention hearings and the two DVD videos from the search on November 25, 2013 as suggested by the Government.  *Id.*  As such, to the extent the Government argues it has been precluded from presenting the testimony it now seeks to introduce, such an argument is without merit.

In this Court's view, the Government's request to introduce additional facts at this stage of the proceedings would be unfairly prejudicial to Defendant.  Allowing the Government to introduce testimony to bolster its position now that it knows the specific testimony that will remedy  the weaknesses with the search in this matter would permit an unwarranted second bite of the proverbial apple, particularly in light of the fact the Government could have presented this evidence earlier and fails to explain why it was not provided at a previous proceeding.

Moreover, "[t]he Court has discretion to deny a request for an evidentiary hearing."  *United States v. Uribe*, No. 2:10-cr-17, 2011 U.S. Dist. LEXIS 123655, *5  (S.D. Ind. Oct. 25, 2011) (citing *United States v. Greve*, 490 F.3d 566, 572 (7th Cir. 2007)).  An evidentiary hearing is required only when "the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that the contested issues of fact going to the validity of the search are in question."  *United States v. Downs*, No. 96-3862, 1999 U.S. App. LEXIS 835, *9 (6th Cir. Jan. 19, 1999).  Here, there are no "contested facts," rather the Government seeks to introduce facts without any justification for failing to present them at three earlier proceedings or during briefing on Warren's Motion to Suppress Evidence.  The evidence the Government seeks to introduce is not new, nor was it unobtainable prior to the hearing on Warren's Motion to Suppress Evidence.

The Court has searched for a case with similar circumstances, but has been unsuccessful in

this endeavor.   In any event, the additional facts the Government seeks to introduce in support of

the lawfulness of the search would not alter this Court's ultimate conclusions with respect to the

subject search.   The Government contends that Ziecina will testify about his impressions leading up

to the search of the vehicle, specifically:

> He will testify that his suspicion was aroused almost immediately as the vehicle
> pulled over on the left side of the roadway as opposed to the right side.  This type of
> vehicle positioning is substantially more dangerous for the officer's safety due to the
> width of the roadway's shoulder.  This was trooper's 'first indicator' that this would
> not be a routine traffic stop.

*See* Dkt. No. 55 at 16.  The Government also intends to introduce testimony from Ziecina that "drug

traffickers oftentimes use third-party rental vehicles, whose contracts have expired, as a result of the

vagaries associated with scheduling shipments and deliveries in drug trafficking." *Id*.  The Court

finds this anticipated testimony to be quite weak in terms of providing support for Ziecina's claim

that he had reasonable suspicion that criminal activity was afoot.  Moreover, the overdue nature of

the rental car contract was fully considered by the Court prior to issuing its Opinion and Order

suppressing the evidence.

Based on the foregoing considerations, the Court finds that reliance on law of the case

doctrine to be appropriate with respect to its conclusions concerning the unreasonableness of the

search.[2]  "Under the law-of-the-case doctrine, a court generally may not revisit an issue that it

decided, whether expressly or by necessary implication from its disposition, at an earlier stage of

---

[2]  While the merits of the Fourth Amendment issue are the same for Defendant and
Warren, the issue of standing under the Fourth Amendment is different due to Defendant's status
as the passenger in the rental vehicle.  However, the Court concludes that Defendant likewise has
standing to challenge the search of the vehicle.  Based on the totality of the circumstances,
Defendant had a reasonable expectation of privacy in the vehicle as his common law wife, the
renter of the vehicle, gave him permission to use the vehicle along with Warren.  The Court
declines to find that Defendant's wife's testimony that she had given him permission to use the
vehicle incredible as urged by the Government.

the proceedings, rather, once a court has decided an issue, the court should usually give effect to that decision throughout the litigation." *Chirco v. Gateway Oaks, LLC*, No. 02-cv-73188, 2005 WL 2284218, *4 (E.D. Mich. Aug. 26, 2005).

Law of the case doctrine is also invoked by the courts in criminal actions. *See United States v. Garcia*, 496 F.3d 495, 513 (6th Cir. 2007); *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990); *United States v. Chidester,* No. 2:14-cr-5-3, 2014 U.S. Dist. LEXIS 68282 (N.D. W.Va. Apr. 29, 2014). The rule is discretionary and does not limit a court's power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous [and] would work a manifest injustice." *In re Petition of United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973); *Garcia*, 496 F.3d at 514.

Here, the Government has failed to demonstrate any extraordinary circumstances that warrant revisiting this Court's conclusions with respect to the suppression issue. The Government seeks to reopen the proofs to add facts to the record, even though it has had numerous opportunities to present this evidence earlier. *See United States v. Stokely*, 733 F. Supp.2d 868, 879 (E.D. Tenn. 2010) ("Generally, absent any new evidence that was unobtainable before the original suppression hearing, . . . the reopening of a suppression hearing is unwarranted."). Moreover, the Government indicated that the record was complete with respect to the suppression issue at the August 7, 2014 hearing. The Government cannot now be heard to argue that it was not given an opportunity to present this evidence at a previous proceeding.

Both the factual circumstances giving rise to the charges herein, as well as the Fourth Amendment merits determination are identical with respect to Defendant and Warren. Thus, the law

of the case doctrine requires that Defendant's Motion to Suppress Evidence be granted because the

search giving rise to the charges herein violated his Fourth Amendment rights.  *See* Dkt. No. 44 at

8-13.

## IV.    **CONCLUSION**

Accordingly, Defendant's Motion to Suppress Evidence [#47] is GRANTED.  The First

Superseding Indictment [#24] is DISMISSED.

SO ORDERED.

Dated: October 6, 2014                                    /s/Gershwin A Drain
                                                         GERSHWIN A. DRAIN
                                                         UNITED STATES DISTRICT JUDGE